IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

IN RE:                              *
                                    *   CV 320-002
$823,561.62 ON DEPOSIT              *
IN THE REGISTRY OF THE COURT        *

O R D E R

The captioned matter came before the Court for a non-jury trial on September 30, 2020, in Augusta, Georgia. In the case, two claimants, Claimant Lisa Bird and Claimant George Mack Bird IV seek title and ownership of the $823,561.62 on deposit in the registry of the Court. At the conclusion of the trial, I entered my findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52(a). Those findings and conclusions are specifically incorporated herein by reference as articulated on the record at the trial on September 30, 2020, beginning at approximately 3:05 p.m.

In determining the facts of the case, the Court has been greatly aided by the stipulated facts of the parties, appearing in the record at Document Number 13, and by the trial exhibits. Importantly, the parties agreed to both the admissibility and the

evidentiary value of the trial exhibits. The Court also heard testimony from both Claimants.

The Court's task in this matter is to determine the rightful ownership of $796,959.84 that was deposited into a Roth IRA account held by T. Rowe Price in December 2014.[1] The parties agree that the funds were derived from the liquidation of what has been referred to as the Swiss Annuity policies originally purchased by George Mack Bird III in 1992. George Mack Bird III is the former husband of Claimant Lisa Bird and father of Claimant George Mack Bird IV.

While I explained at length in the Court's oral findings that when the Swiss Annuity policies were finally liquidated, George Mack Bird III held title to and was the owner of those funds, a further comment on the evidence is warranted here. As I previously observed, because the Swiss Annuity policy documents were not available, the Court is bereft of any specific terms which might conclusively establish ownership of these funds. The rightful ownership of the funds may nevertheless be accurately established by reasonable inferences arising from the stipulations, the admitted evidence and testimony. Doubtless, the issuers and administrators of the Swiss Annuity policies were well aware of

---

[1] At the time of the deposit, the T. Rowe Price account contained $24,583.75. There is no dispute that this original balance belongs to Claimant George Mack Bird IV.

2

the foundational documents. Much can be gleaned from their correspondence as well as the conduct of the parties in relation thereto, particularly the conduct of George Mack Bird III, which I have already amply detailed. Further, that the authorities maintaining the Swiss Annuity policies directed all correspondence relating to the funds to only George Mack Bird III stands as a reliable, additional indicator that George Mack Bird III was the owner of the funds.

Having found here and at trial that George Mack Bird III was the true owner of the subject funds at the time of liquidation, and having further found that he exercised dominion and control over the funds upon liquidation on November 18, 2014, until at least December 8, 2014, the Court concludes that title to the funds now passes to Claimant Lisa Bird through their divorce decree from the Superior Court of Oconee County, Trial Exhibit GB 20. Clearly, George Mack Bird III's surreptitious machinations to recover and transfer the subject funds into the T. Rowe Price account in December of 2014 was a fraudulent, unlawful act of conversion prohibited by the Superior Court's orders which were well known and often flouted by George Mack Bird III.[2] Further, to the extent

---

[2] As the evidence shows, from at least April 14, 2014, when George Mack Bird III received an email from the management company for the Swiss Annuity policies, through subsequent correspondence on May 14, 2014, through receipt of the funds in his bank account on November 18, 2014, through his transfer of the funds into the T. Rowe Price account on December 8, 2014, through his deposition in

3

that George Mack Bird IV claims an ownership interest in the transferred funds because he is named as the holder of the T. Rowe Price account, the imposition of a constructive trust[3] upon the portion of the funds illegally transferred is appropriate and is so **ORDERED**.

Upon the foregoing, the Court concludes that Claimant Lisa Bird is entitled to the principal amount of $796,959.84 plus interest and Claimant George Mack Bird IV is entitled to the principal amount of $24,583.75 plus interest, with the interest to be calculated in proportion to what each party's principal amount bears to the total. Thus, because George Mack Bird IV's undisputed principal amount was 3% of the total amount on deposit in the T. Rowe Price account in December of 2014, he shall receive 3% of the $823,161.62 currently on deposit in the Court's registry,[4] or $24,694.85. Claimant Lisa Bird shall receive the remaining balance

---

the divorce proceeding on December 11, 2014, and up until his revelation to the divorce court in a hearing on February 13, 2015, George Mack Bird III never revealed the liquidation of these funds to the divorce court or perhaps anyone else.

[3] See O.C.G.A. § 53-12-132, which provides: "A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." See also Troutman v. Troutman, 297 Ga. App. 62, 65 (2009) ("A constructive trust is a remedy created by a court in equity to prevent unjust enrichment." (quoted source omitted)).

[4] By Order of January 6, 2020, the Clerk paid the filing fee of $400 for the initiation of this case from the deposited funds.

plus any interest that has accrued on the funds in the Court's registry.

The Clerk of Court is therefore directed to **ENTER JUDGMENT** in favor of George Mack Bird IV in the amount of $24,694.85 and in favor of Lisa Bird in the amount of $798,466.77 plus any accrued interest. All costs and attorney's fees shall be borne by the respective parties. The Clerk is further directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 5th day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE